MILLER, Respondent, vs. PRESCOTT, Appellant.

*April 13—May 1, 1914.*

*Attorney and client: Failure to collect judgment: Liability of attorney: Good faith.*

Where, by reason of his failure to act with reasonable knowledge and skill in the transaction of his client's business, an attorney failed to collect a judgment in favor of such client out of funds belonging to the judgment debtor which came into the attorney's hands, the fact that he acted in good faith and in the honest belief that he was acting for his client's best interests will not defeat a recovery of damages by the client.

APPEAL from a judgment of the circuit court for Sheboygan county: W. J. TURNER, Judge. *Affirmed.*

The complaint in this action alleges in substance that the plaintiff employed the defendant to obtain a divorce for her from her husband, George Miller, and to recover a sum of money; that in such action judgment for divorce was rendered and said Miller required to pay plaintiff $3,500. The complaint further alleges that, although $14,000 in money and notes belonging to said George Miller came into the hands of the defendant, he negligently failed to collect the judgment out of the same; that as a direct result of the negligence, unskilfulness, and indifference of the defendant in not securing payment from said Miller, the plaintiff has been and is unable to satisfy said judgment; and that said Miller is and for some time has been insolvent and will never be able to satisfy the judgment. Many other facts are alleged in the complaint tending to show the negligent and unskilful manner in which the defendant performed his duties while attorney for plaintiff, in consequence of which she sustained the damages claimed. The defendant answered by way of denials and admissions, and the case was tried before a jury. The jury returned the following verdict:

"(1) Did the defendant, *Prescott,* act in good faith in the course which he pursued in the honest belief that he was acting for the best interest of his client, *Mrs. Miller?* A. No.

"(2) Was the plaintiff informed by the defendant that ar-

rangement for sale of Rexine stock between Miller and Kaufman would not be carried out by Miller unless he should be paid the $6,500 remaining?  *A.* No.

"(3) Was there an agreement between the plaintiff and defendant at the time the plaintiff received the $500 that she should receive the balance of $3,500 when it was paid and out of the notes held by the defendant, *Prescott?*  *A.* No.

"(4) Did the defendant explain the whole transaction to the plaintiff of the sale of the Rexine stock by Miller to Kaufman, the manner of payment, and the disposition that was to be made of the notes and money received?  *A.* No.

"(5) Did the defendant, *Prescott,* act with reasonable knowledge and skill in the transaction of the plaintiff's business intrusted to him as an attorney?  *A.* No.

"(6) If you answer the last question 'No,' then answer: Was the failure to exercise such knowledge and skill the proximate cause of damage to the plaintiff?  *A.* Yes."

Judgment was rendered in favor of the plaintiff upon the verdict, from which this appeal was taken.

*Francis Williams,* for the appellant.

For the respondent there was a brief by *Collins & Collins,* and oral argument by *W. B. Collins.*

Kerwin, J.  The main question presented upon this appeal is whether the verdict is supported by the evidence.  Under the established rule of this court, if there is any credible evidence to support the verdict it cannot be disturbed.

We do not regard the finding of the jury upon the first question of the special verdict respecting the good faith of the defendant necessary to support the judgment, therefore do not determine whether such finding is supported by the evidence or not.

All other findings of the special verdict are supported by the evidence, therefore the judgment must be affirmed.

Complaint is made by counsel for appellant of remarks made by the judge below upon the trial.  We find no prejudicial error in this regard.

*By the Court.*—The judgment is affirmed.